IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-CR-0306-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JORDAN JAMES MARTINEZ,

    Defendant.

## INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about June 17, 2019 through April 29, 2022, in the State and District of Colorado, the defendant, JORDAN JAMES MARTINEZ, in connection with the acquisition of firearms from L&M Firing Line, Bass Pro Shops Outdoor World, Machine Gun Tours, Skyline Firearms Distribution, Cabela's, and Damage Factory Inc., licensed firearms dealers within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious oral and written statements to L&M Firing Line, Bass Pro Shops Outdoor World, Machine Gun Tours, Skyline Firearms Distribution, Cabela's, and Damage Factory Inc., intended and likely to deceive L&M Firing Line, Bass Pro Shops Outdoor World, Machine Gun Tours, Skyline Firearms Distribution, Cabela's, and Damage Factory Inc. with respect to any fact material to the lawfulness of the sale of the firearms to the defendant under Chapter 44, Title 18, United States Code, when he

executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, representing therein that he was the actual transferee and buyer of the firearms, when in fact, as the defendant then knew, he was not the actual transferee and buyer of the firearms.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATION

1.	The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.	Upon conviction of the violation(s) described in paragraph 1 above, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense, including but not limited to the following: (1) a Glock, model 43, 9mm pistol, with serial number ADFP521, (2) a Shadow Systems USA, model MR918, 9mm pistol, with serial number SSC000327, (3) a FN, model 509, 9mm pistol, with serial number GKS0067835, (4) a Taurus, model PT111 G2 A, 9mm pistol, with serial number ACD799905, (5) a Glock, model 19 Gen 3, 9mm pistol, with serial number AFYL506, (6) a Taurus, model G3C, 9mm pistol, with serial number 1KA08942, (7) a Taurus, model PT111 G2 A, 9mm pistol, with serial number ACJ221217, (8) a Glock, model G21 Gen 4Gen, .45 caliber pistol, with serial number AGAH255, (9) a Smith & Wesson, model SD40VE, .40 caliber pistol, with serial

number FDT0532, (10) a Glock, model 23 Gen 4, .40 caliber pistol, with serial number BLYS856, (11) a Glock, model 21, .45 caliber pistol, with serial number AGKL482, (12) a Glock, model 21, .45 caliber pistol, with serial number AFNU665, (13) a Glock, model 35, .40 caliber pistol, with serial number BUWP407, (14) a Glock, model 20, 9mm pistol, with serial number BVNS355, (15) a Smith and Wesson, model 380 Shield EZ, .380 caliber pistol, with serial number RFP9216, (16) a Glock, model G19, 9mm pistol, with serial number AGCS105, (17) a Glock, model 23 Gen 4, .40 caliber pistol, with serial number UXS634, (18) a Glock, model 23 Gen 5, .40 caliber pistol, with serial number BVXW757, (19) a Glock, model 21 Gen 4, .45 caliber pistol, with serial number AGSD707, (20) a Glock, model 19x, 9mm pistol, with serial number BVUW140, (21) Masterpiece Arms, model MPA30T, 9mm pistol, with serial number FX334848, and (22) a Glock, model G19 Gen 5, 9mm pistol, with serial number BUYL737.

3. If any of the property described in paragraph 2 above, as a result of any act or omission of the defendant:

      a) cannot be located upon the exercise of due diligence;
      b) has been transferred or sold to, or deposited with, a third party;
      c) has been placed beyond the jurisdiction of the Court;
      d) has been substantially diminished in value; or
      e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

        A TRUE BILL:

        <u>Ink Signature on File in Clerk's Office</u>
        FOREPERSON

COLE FINEGAN
United States Attorney

By: *Kelly R. Churnet*
Kelly R. Churnet
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Kelly.Churnet@usdoj.gov
Attorney for Government