IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Criminal Case No. 1:22-cr-00306-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JORDAN JAMES MARTINEZ,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE CONDITIONS
OF HIS PRETRIAL RELEASE [DKT. 22]

---

This matter is before the Court on referral of Defendant Jordan James Martinez's Motion to Modify the Conditions of His Pretrial Release [Dkt. 22]. The Government filed a response opposing the Motion [Dkt. 25]. The Court held a hearing on the Motion on February 23, 2023, and took the matter under advisement.[1]

## BACKGROUND

The Defendant was indicted on one count of making a false statement in connection with the acquisition of firearms from a licensed dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He first appeared before this Court for a detention hearing on October 14, 2022, but the Government did not seek his detention. The

---

[1] For the reasons stated on the record, the Court denied the Motion to the extent it sought to reopen the detention hearing.

1

Court released the Defendant on a combination of conditions as recommended by pretrial services to reasonably assure his attendance as required, and to reasonably assure the safety of the community. Relevant here, those conditions included the Defendant's home detention and GPS location monitoring. [Dkt. 10. P.3.] According to the Government, after the Defendant's release:

> On December 16, 2022, the defendant overdosed on fentanyl at his residence—a residence he was sharing with his girlfriend and minor children. On December 21, 2022, probation approved a new residence for the defendant at his grandmother's home. At this time, the defendant also admitted to using fentanyl 3 times over the past month in addition to continued marijuana use. A few days later, on December 24, 2022, the defendant left his grandmother's residence without prior authorization and returned to his girlfriend's residence, which was not an approved location. On December 27, 2022, the defendant had a positive urine analysis (UA) for cocaine. The defendant stated that his cousin came to his grandmother's house and gave him a cigarette laced with cocaine.

[Dkt. 25, p.2.]

As a result, on December 27, 2022, the Defendant signed a Consent to Modify Conditions of Release. With this consent, he agreed to abide by a modification requiring him to participate in a substance abuse evaluation to determine his treatment needs, and if treatment was recommended, to participate in an outpatient treatment program as directed by pretrial services. [Dkt. 20.] The Court approved the modification on December 30, 2022, and left all other conditions in place.

The Defendant then proceeded to miss UAs on December 31, 2022, January 4, 2023, and January 5, 2023. On January 6, 2023, he had a positive UA for cocaine and cannabinoids.[Dkt. 25, p.2.] Two days later, on January 8, 2023, he left his residence

without authorization. [*Id.*] He also later admitted to smoking marijuana with his brother at his grandmother's house. [*Id.*] As a result of this conduct, on January 18, 2023, the Defendant signed a second Consent to Modify Conditions of Release, this time agreeing to abide by a modification requiring him to maintain residence at a halfway house or community corrections center as the pretrial services office considers necessary. [Dkt. 21.] The Court approved this modification the same day, and left all other conditions in place.

The Defendant now seeks to modify the conditions of his release to either remove the condition of home detention so he can visit his family, or to allow him to leave the halfway house periodically for family visits. The halfway house is a controlled environment that does not allow its residents to leave unless they have earned the time. For example, if a resident gets to Level Two, he earns eight hours of leave to visit family or participate in other personal activities; Level Three allows 10 hours; and Level Four allows 12 hours. A resident may move up in levels based on their compliance with the facility's rules. The Defendant has earned his way to Level Two, affording him eight hours of leave from the facility. But because of the condition of his bond of home detention, he is not able to avail himself of those hours to visit his family. Moreover, because of COVID-19 protocols, the facility does not allow for in-person visitation.

Pertinent to the Court's consideration of the Motion, on February 14, 2023, the Defendant filed an Unopposed Emergency Request for Leave to Attend a Family

3

Function. [Dkt. 26.] The Defendant sought the ability to leave the halfway house to attend his son's birthday party. The Court granted that motion. [Dkt. 28.]

On February 21, 2023, in preparation for the hearing on the Defendant's Motion to Modify, pretrial services informed the Court of the following additional information since its last update: the Defendant's drug testing results from January 9, 2023, returned positive for cannabinoids and cocaine; a drug test on January 19, 2023, returned positive for cocaine; the Defendant had multiple violations with the rules of location monitoring by failing to charge his tracker (resulting in low battery alerts) on January 21, 27, and 31, 2023. Further, on the day this Court authorized the Defendant's leave to attend his son's birthday party, halfway house staff reported seeing the Defendant get into a car and drive. This was concerning because his driver's license is suspended, and he was not authorized to drive per the rules of the halfway house. According to pretrial services, the Defendant admitted to driving to the birthday party, and admitted to stopping at a gas station on his way back to purchase tobacco, which was also done without prior approval.

## ANALYSIS

The Defendant seeks a modification of his conditions of release under 18 U.S.C. § 3142(c)(3) of the Bail Reform Act, which provides "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." Whether or how to modify a defendant's conditions of release is within the trial court's discretion. *See United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir. 1979) (noting

4

the "broad grant of discretionary power" under the Bail Reform Act to modify conditions of release); *United States v. Cook*, 428 F.2d 460, 461 (5th Cir. 1970) ("the conditions of the bail are left to the discretion of the issuing authority"). In exercising that discretion, the Court considers whether the proposed modifications sought by Defendant would continue to reasonably assure his appearance as required, and reasonably assure the safety of the community. 18 U.S.C. § 3142(c).

Based on the record currently before the Court, the Court finds the proposed modification is insufficient to continue to provide those reasonable assurances required by § 3142 of the Bail Reform Act. First, this Court authorized the Defendant's leave from the halfway house for a few hours on February 15, 2023, to attend his son's birthday party. Rather than play it straight, the Defendant drove to the party with a suspended driver's license and in derogation of the rules of the halfway house, and took a detour on his way back to buy tobacco.[2] While the Defendant argued this conduct is mundane, the conduct leaves the Court with no reasonable assurance the Defendant will honor the conditions of his release if allowed to leave the halfway house to visit his home. Second, his home (which he shared with his girlfriend and child) is where the Defendant overdosed on fentanyl on December 16, 2022. He continued to use prohibited substances through December 2022 and into

---

[2] His driving to the party was also in derogation of representations made to this Court's Chambers when counsel for the parties called about this Court's order allowing that leave. Then, defense counsel requested additional travel time outside this Court's original order to accommodate the Defendant's travel by *public transportation*.

5

January 2023. All of this conduct speaks to the Defendant's risk of flight and danger to the community which this Court's conditions of release are intended to address. Given the recency of these events, the Court finds no basis for currently modifying the conditions of release to eliminate the condition of home detention.

The Court acknowledges, as Defendant argued, that the Defendant appears to have avoided ongoing drug use since residing at the halfway house. This is a positive development. But the Defendant has only resided at the halfway house since January 19, 2023. As the Government suggested, and in light of the recency of his missteps with the conditions of his release, his ability to build a longer track record of compliance could potentially warrant this Court's reconsideration of the modifications currently proposed. But on this record, the Motion to Modify is DENIED, WITHOUT PREJUDICE.

The Parties are ADVISED of their right to file objections to this Order within 14 days pursuant to Fed. R. Crim. P. 59(a).

DATED:   February 27, 2023

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge