IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:22-cr-00306-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JORDAN JAMES MARTINEZ,

    Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE/DEPARTURE TO A SENTENCE OF PROBATION**

---

The United States of America submits this response to Defendant's Sentencing Memorandum and Motion for Downward Variance/Departure to a Sentence of Probation (Motion).  *See* ECF No. 63

The defendant has requested a variant sentence under 18 U.S.C. § 3553(a) of probation.  The government objects to this Motion and requests that this Court impose a guideline sentence of 18 months followed by a three-year term of supervised release. Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing established in 18 U.S.C. § 3553(a).

**I.**    **Background**

The parties agree that the advisory guideline range applicable to the defendant in this case is derived from a total offense level of 13 and a criminal history category of I, resulting in a guideline range of 12-18 months.  ECF No. 65-1.  Probation has recommended a sentence of 15 months.  *Id.*  The defendant has requested a

probationary sentence.  ECF No. 63.  The government recommends a guideline sentence of 18 months.

In June 2022, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) began investigating the defendant for straw purchasing.  Law enforcement believed he might be involved in straw purchasing based on his purchase of 19 firearms between June 2019 and April 2022.  The defendant was interviewed in June and July of 2022. ECF No. 65 ¶¶ 31-32.  During those interviews, the defendant admitted to straw purchasing 22 firearms between June 2019 and April 2022.  *Id.* ¶¶ 8-24, 31-32.  The defendant admitted to purchasing firearms for individuals he knew were underage.  *Id.* ¶ 31.  He also admitted that people were contacting him to purchase firearms based on "word of mouth" and he was selling to people he did not even know.  *Id.* ¶ 32.  He stated he was selling the guns to pay for child support and to support his methamphetamine addiction.  *Id.* ¶¶ 31-32.

Only six of the 22 firearms the defendant purchased have been recovered.  The circumstances surrounding many of the recovered firearms are of particular concern.  Two firearm boxes belonging to firearms the defendant purchased were found in a vehicle associated with the November 19, 2021 shooting at Hinkley High School.  *Id.* ¶ 26.  There were four shooters involved in the shooting, including Diego Flores and Larry Jefferson.[1]  Flores was believed to be in possession of the firearm boxes.  *Id.* ¶ 26.  Notably, Jefferson, who has now been convicted of second-degree attempted murder for this shooting,

---

[1] Carma Hassan & Steve Almasy, *Four teens charged with attempted first-degree murder after shooting in Colorado high school parking lot*, CNN (Dec. 7, 2021, 8:10 PM), https://www.cnn.com/2021/11/30/us/colorado-high-school-shooting-attempted-murder-charges/index.html.

appears to be the defendant's brother.[2]  *Id.*  ¶ 31 ("the defendant told agents that Diego Flores used to be associated with his brother, Larry Jefferson.").

On May 29, 2022, two of the firearms purchased by the defendant were recovered in the backseat of a vehicle found with numerous shell casings and bullet holes in the seats.  *Id.* ¶ 29.  One of the firearms recovered on May 29 was possibly linked to two reports of shots fired in May 2022.  *Id.* ¶ 30.  On September 26, 2022, another firearm the defendant purchased was recovered during an incident where the victim shot himself in the leg.  *Id.* ¶ 33.  On April 24, 2022, a firearm the defendant purchased was recovered from a convicted felon and linked to a NIBIN string related to charges for criminal mischief, unlawful discharge of a firearm, and property damage in both Denver and Aurora.  *Id.* ¶ 35.  Lastly, on April 6, 2023, a firearm the defendant purchased was recovered by Aurora police during an incident where an individual was allegedly pointing a handgun towards passengers in another vehicle.  *Id.* ¶ 36.

The defendant's criminal history is limited to juvenile adjudications.  *Id.* ¶¶ 60-61.  He has no prior felony convictions.

The defendant has been on bond in this case.  His compliance has been poor.  While on supervision he has overdosed fentanyl in a home with minor children, failed several drug tests, had numerous location monitoring violations, been found under the influence of alcohol at the Residential Reentry Center (RRC), received several RRC write ups, and has an outstanding balance for his location monitoring device.  *Id.* ¶ 4.

---

[2] Angela Case, *2 teens sentenced for shooting in Aurora high school parking lot*, 9NEWS (Apr. 5, 2023, 2:28 PM), https://www.9news.com/article/news/crime/teens-sentenced-shooting-aurora-high-school-parking-lot/73-c66439dc-050d-4541-b152-45a7baaebbd2.

II.     **Defendant's request for a variance should be denied**

A variance is not warranted. The defendant requests a probationary sentence, but, as he points out in his own Motion, such a sentence is not authorized by the guidelines. ECF No. 63 pg. 6. Under the guidelines, a probationary sentence is only authorized if the applicable guideline range for the defendant is in Zone A of the Sentencing Table or Zone B with certain conditions. *See* U.S.S.G. § 5B1.1(a)(1). Based on the defendant's guideline range, the defendant is in Zone C of the Sentencing Table. "Where the applicable guideline range is in Zone C or D of the Sentencing Table . . . the guidelines do not authorize a sentence of probation." U.S.S.G. § 5B1.1, Application Note 2. As such, a probationary sentence is prohibited under the guidelines.

Regardless, neither a probationary sentence nor a variance is appropriate. The defendant put 22 firearms into the community. Only six have been recovered. He knowingly sold firearms to juveniles. He carelessly sold to people he did not even know. In mitigation, he argues he "did not purchase firearms for those he knew were going to use them for nefarious purposes." ECF No. 63 pg. 7. But often he did not know *who* he was selling to. He remained entirely ignorant to the reasons—nefarious or otherwise—that individuals were purchasing a firearm from him.

Regardless of his intent, the consequences of his actions are clear. The firearms he sold were used in shootings and illegal activities. They were put in the hands of juveniles. At least one ended up with a convicted felon. Two were linked to a school shooting were three people were injured. It is still unknown in what manner the other 16 firearms have, or will be, used.

This case exemplifies why straw purchasing poses such a danger to communities.

4

There were no background checks on the people the defendant sold the firearms to. There was no gatekeeper to ensure the safety of the community.  The defendant put himself in that role and then abdicated any responsibility for what happened with those firearms next.

Ultimately, the defendant showed no regard for the consequences of illegally selling firearms.  He, at best, negligently put his community at risk, and, at worst, armed people who he knew should not have a firearm.  The ultimate toll of his actions on the community is still unknown.  A high-end sentence is justified.

### III.   Conclusion

The government respectfully requests that this Court sentence the defendant to 18 months imprisonment followed by a three-year term of supervised release.  A sentence of any less would not adequately reflect the seriousness of this offense, provide deterrence, promote respect for the law, or provide just punishment for this offense.

Dated:  September 8, 2023

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ *Kelly R. Churnet*
Kelly R. Churnet
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  kelly.churnet@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE/DEPARTURE TO A SENTENCE OF PROBATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: s/*Ian McCandless*
Ian McCandless
Legal Assistant